# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>*(Changes Identified with Asterisks (*))* |
| v. | CASE NUMBER:  95-cr-367-LTB-01 |
| WAYNE LYNN PEDERSEN* | Dennis Hartley, Appointed<br>(Defendant's Attorney) |

**Date of Original Judgment:**  July 2, 1997

**Reason for Amendment:**   Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36).

**THE DEFENDANT:**  Was found guilty on counts 2, 3, and 6 through 22 of the Fifth Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,**  the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1951 and 2 | Interference with Commerce by Threats or Violence | 9/11/95 | 2 |
| 18 USC § 1952(a) and 2 | Interstate Travel in Aid of Extortion | 9/1/95 | 3 |
| 18 U.S.C. § 875(b) and 2 | Interstate Communication to Extort Money | 9/7/95 | 6-22 |

   As pronounced on June 26, 1997, the defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   IT IS ORDERED that the defendant shall pay to the United States a special assessment of $950.00, for count(s) 2, 3 and 6 through 22, which shall be due immediately.

   It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | June 26, 1997 |
| | Date of Imposition of Judgment |
| Defendant's Date of Birth:  01/09/46 | |
| Defendant's USM No.:  46321-198 | s/Lewis T. Babcock |
| | Signature of Judicial Officer |
| Defendant's Address:* | |
| FMC - Butner<br>P.O. Box 1600<br>Butner, NC 27509 | Lewis T. Babcock, Senior U.S. District Judge |
| | Name & Title of Judicial Officer |
| | July 25, 2014 |
| | Date |

DEFENDANT: WAYNE LYNN PEDERSEN
CASE NUMBER: 95-cr-367-LTB-01                                                                                      Judgment-Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 240 months as to Counts 2 and 3, to be served concurrently with each other, 50 months as to Counts 6 through 22, to be served concurrent with each other and consecutive to Counts 2 and 3, for a total of 290 months..

The Court makes the following recommendations to the Bureau of Prisons:  Defendant be designated to Lompoc, CA or Terminal Island, CA for service of sentence.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another federal, state or local crime; shall not illegally possess a controlled substance; shall not possess a firearm or destructie device; shall comply with the standard conditions that have been adopted by this Court (set forth below).

For offenses committed after September 13, 1994:
[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following additional conditions:

1.  If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.  Defendant shall comply with the terms and conditions for payment of restitution and special assessment imposed by this judgment.

3.  No fine is imposed because defendant has no ability to pay fine.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)  The defendant shall support his dependents and meet other family responsibilities.
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6)  The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

DEFENDANT: WAYNE LYNN PEDERSEN
CASE NUMBER: 95-cr-367-LTB-01                                                                                       Judgment-Page 4 of 6

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer without permission of the court.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

DEFENDANT:  WAYNE LYNN PEDERSEN
CASE NUMBER:  95-cr-367-LTB-01                                                                  Judgment-Page 5 of 6

## RESTITUTION AND FORFEITURE

The defendant shall make restitution in the amount of **$62,000.00** to the following persons in the following amounts

**Amount of Restitution**

**Name of Payee**

Scotti Family

Mr. Craig Edelman

Payments of restitutuion are to be made payable to Clerk, United States District Court, 1929 Stout Street, Room C-145, Denver, Colorado, 80294

Restitution shall be paid as directed by the Probation Officer.

DEFENDANT:  WAYNE LYNN PEDERSEN
CASE NUMBER:  95-cr-367-LTB-01                                                                                    Judgment-Page 6 of 6

## STATEMENT OF REASONS

The court adopts the factual statements and guideline applications in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 36 |
| Criminal History Category: | IV |
| Imprisonment Range: | 262 to 327 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $20,000.00 to $200,000.00 |
| Restitution: | $62,000.00 |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that exceeds 24 months, and the sentence is imposed for the following reasons: because of the serious, violent offense with substantial imput on the victims.